NIEMEYER, Circuit Judge, concurring:
 

 I concur in Judge King's careful opinion and write separately only to address a concern raised by Walker about whether his plea agreement was rejected on broad policy grounds and categorical determinations, rather than on grounds specific to him and the public interest in his particular circumstances. Judge King's opinion well recognizes the legitimacy of Walker's argument in the abstract but concludes that the district court's rejection in this case was based on its belief that Walker's sentence would be too lenient in the circumstances and thus not in the public interest.
 

 The district court's opinion in support of its rejection of Walker's plea agreement is lengthy, and it does indeed contain statements that could reasonably have provoked Walker's concern. If the court's rejection of the plea agreement had rested on the broad proposition that the government uses plea agreements too frequently as a matter of convenience, as some of the court's statements seem to suggest, then its rejection of the plea agreement on that basis would surely amount to an abuse of discretion. Moreover, it would be risking an inappropriate intrusion into the U.S. Attorney's prerogatives - implicating separation-of-powers concerns. As an example of a particular statement of this genre, the court said that "[i]t is the court's function to prevent the transfer of criminal adjudications from the public arena to the prosecutor's office for the purpose of expediency at the price of confidence in and effectiveness of the criminal justice system." And it explained:
 

 The exigencies of a changing world have required acceptance of processes that are more streamlined than those contemplated by our Founding Fathers. Plea bargaining is one such process that we've come to embrace. Plea bargaining eliminates the jury and conflates the judge's and prosecutor's roles, creating an administrative system of criminal justice. A species of trial does indeed occur,
 but it occurs in the shadow of guilty pleas rather than in open court.
 

 The court then wondered whether, in such an arrangement, a " 'community catharsis can occur' without the transparency of a public jury trial," apparently critiquing plea agreements as a general matter.
 

 But these passages with their broad scope of musings are interspersed among the district court's more numerous passages expressing concern about Walker's criminal conduct and its relation to the opioid crisis in the West Virginia community. Accordingly, we take the district court's concern about those matters to be the driving reason for its rejection of the plea agreement, as Judge King has explained.
 

 Moreover, in this case, it would be inappropriate, as Judge King notes, for us to protect the prerogatives of the U.S. Attorney when the government has not raised the issue and has explicitly stated, in response to our inquiries, that it is not pressing the issue in this case. Rather, the government contends that Walker received appropriate criminal process and a just result, and with our decision today, we agree.